Louis L. Friedman, J.
This action for dissolution of a partnership and an accounting, and for a sale of the assets of the *277 partnership property is brought by four brothers and two sisters as plaintiffs against two other brothers. The business operated by the partnership is known as Aiello Dairy Farms Company, which is a well known and well recognized firm manufacturing food products. The business is one which descended to the eight brothers and sisters from the estate of their deceased father, and all of the children were actually, as claimed in the opposing affidavit, “ born into the enterprise and have nursed it to its present stature from its very humble inception. ’ ’
It is unfortunate that this family fight among these brothers and sisters has come to the point where a going business must be sold and the firm dissolved. In an attempt to avoid such a disastrous ending to what has heretofore been a successful business enterprise, the court has conferred with all of the parties and their respective attorneys in an attempt to amicably adjust the differences of the parties. At one point it appeared that the matter would be satisfactorily adjusted, with the two defendants buying out the interests of all of the plaintiffs. However, it developed during a subsequent conference, that the brothers who were plaintiffs and who had represented to the court that they each owned a one-seventh interest, were actually possessed of an amount which was slightly smaller than such a portion, the two sisters who are plaintiffs insisting that they receive their proper proportionate share. Defendants acquiesced in paying for the interests of the six plaintiffs in accordance with the proportion as set forth in the books of the firm. The plaintiff brothers, however, insist on being paid on the basis of their representation that they owned one seventh. For this reason, all conferences broke up and it now becomes necessary that the court determine the motion which originally came on to be heard.
The motion is made by the plaintiffs for an order permitting them to continue and carry on the business of the partnership during the pendency of the action. In effect, what the plaintiffs seek, is that they be appointed receivers. In opposition to this motion, defendants agree that a receiver should be appointed, pointing out that they have been ousted from the partnership business and any management thereof, that since the time when they have been divested of any control, the interests of the partnership have depreciated and “ the profits of the business [have] plummeted from the $296,000 for the fiscal year commencing March 31,1958, to the sum of $75,000 for the period commencing March 31, 1959 and ending December 31, 1959.” He points out further that instead of an actual profit such as is revealed in the 1)0oks of the firm, there has been an actual loss of $3,000 and that *278 “ the cash position of the partnership has been dangerously impaired ’ ’.
Defendants protest against the usurpation of complete authority and control by the plaintiffs. They protest that they have been excluded from the business and that unless a receiver is appointed, their interests may be dissipated. In opposition to the plaintiffs’ requests that they be appointed as receivers, the defendants request that one of them be so appointed.
The court is of the opinion that the positions taken by the plaintiffs and the defendants that a receiver should be appointed is well taken. If the parties were evenly divided, the court would appoint them collectively as joint receivers. However, such an appointment would still leave the plaintiffs in the majority, and defendants would be in no better position than they are at the present time. The best interests of all of the partners will be served by the appointment of an outside receiver, with instructions to employ all of the parties of this action who were heretofore employed by the business insofar as it is practical to do so, to the end that everyone’s interests may be fully protected. An order may be entered to that effect appointing Harold F. Fisher, Esq., as receiver. The court will hear suggestions upon the settlement of the order to be entered herein as to the amount of the receiver’s bond. Settle order on one day’s notice.